THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| OWNERS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BRAD J. HAFEN, ROY N. HAFEN, AND CINDY M. HAFEN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 4:20-cv-00050-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This action arises out of a lawsuit in Utah state court against Brad J. Hafen, Roy N. Hafen, and Cindy M. Hafen ("Defendants"), in which a defense has been provided by Defendants' insurer, Owners Insurance Company ("Owners"), under an insurance policy purchased by Defendants. Owners filed a complaint in this court seeking a declaratory judgment that the policy does not require it to defend Defendants in the state action. Defendants filed a Motion to Dismiss ("Motion")[1] the complaint pursuant to Fed. R. Civ. P. 12(b)(6).[2] For the reasons stated below, the Motion is GRANTED.

---

[1] Docket no. 6, filed June 10, 2020.

[2] Defendants arguably should have filed an answer and a motion for judgment on the pleadings under Fed. R. Civ. Pro. 12(c), rather than a motion to dismiss, as what they appear to be seeking is a determination on the merits that Owners must defend them in the state action. *See Emanuel v. Ace Am. Ins. Co.,* No. CIV.A. ELH-11-875, 2011 WL 5881793, at *1 (D. Md. Nov. 23, 2011).

**Contents**
Factual Background ............................................................................................................ 2
      The Homeowner's Insurance Policies ................................................................... 2
      The State Court Complaint .................................................................................... 4
      The Declaratory Judgment Action ........................................................................ 5
Discussion ......................................................................................................................... 6
      The Eight Corners Rule Applies. ........................................................................... 7
      The Policies Requires Owners to Defend Claims for Trespass ............................ 8
      Because Owners Must Defend One Claim, Owners Must Defend the Entire State Action
      ............................................................................................................................ 11
      The Claim for a Declaratory Judgment on the Indemnification Issue is not Ripe............ 11
Order ............................................................................................................................... 12

## FACTUAL BACKGROUND

In considering a motion to dismiss, a court must take all well-pleaded facts as true and must make all reasonable inferences in favor of the plaintiff.[3] In doing so, a court may also consider documents that are attached to the complaint and documents that are incorporated by reference.[4] The factual background below is drawn from the complaint and attached exhibits.

### The Homeowner's Insurance Policies

Owners is an insurance company. It issued two homeowner's policies to Defendants: one to Brad Hafen effective from September 1, 2012, to September 1, 2013; and one to Cindy and Roy Hafen, effective from April 21, 2013, to April 21, 2014.[5][6]

The policies included a section outlining the coverage provided, stating that Owners would "pay all sums any insured becomes legally obligated to pay as damages because of or

---

[3] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[4] *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

[5] Owners filed an Amended Response to the Motion in which it indicated that Defendants may have had coverage for events which occurred prior to these dates. Amended Opposition to Motion to Dismiss, docket no. 17, filed November 12, 2020, at 13. However, a plaintiff cannot alter a pleading by briefs in opposition to a motion to dismiss. *See Perkins v. Silverstein*, 939 F.2d 463, 470 n.6 (7th Cir. 1991). Accordingly, the factual background as described in the complaint is adopted by this opinion.

[6] Complaint, docket no. 2, filed May 22, 2020, at ¶ 15.

arising out of bodily injury or property damage caused by an occurrence to which this coverage applies," and that Owners would "will pay all sums any insured becomes legally obligated to pay as damages because of or arising out of personal injury caused by an incident to which this coverage applies." That section also provided that Owners would "will settle or defend, as we consider appropriate, any claim or suit for damages covered by this policy. We will do this at our expense, using attorneys of our choice[.]" The policy provided the following definitions:

- "Bodily injury means physical injury, sickness or disease sustained by a person including resulting death of that person. Bodily injury does not include personal injury."[7]

- "Personal Injury means: a. libel, slander or defamation of character; b. false arrest, detention or imprisonment, or malicious prosecution; c. invasion of privacy; or d. wrongful eviction or wrongful entry. Personal injury does not include bodily injury."[8]

- "Property damage means damage to or destruction of tangible property including resulting loss of use of that tangible property."[9]

- "Incident means an offense(s) committed by any insured resulting in personal injury and includes, as one incident, all continuous or repeated exposure to substantially the same generally harmful conditions."[10]

---

[7] Homeowners Insurance Policy, docket no. 2-3, filed May 22, 2020, at 21.

[8] *Id*.

[9] *Id*.

[10] *Id*. at 20.

- "Occurrence means an accident that results in bodily injury or property damage and includes as one occurrence, all continuous or repeated exposure to substantially the same generally harmful conditions."[11]

- "Suit means a civil court proceeding in which damages because of bodily injury, property damage, or personal injury to which this insurance applies are alleged."[12]

The policy also specifically excludes from coverage "bodily injury or property damage reasonably expected or intended by the insured;" "liability for any property stolen or converted by the insured;" and "personal injury . . . in connection with any business, occupation, trade, or profession [or] with respect to any publication or utterance made knowing it to be false."

### The State Court Complaint

In July 2013, Kirk Harrison filed a complaint against Defendants in Utah state court.[13] Harrison asserted 28 causes of action against Defendants in the state complaint, of which 22 remained after partial dismissal. The remaining causes of action included claims for trespass, intentional interference with contractual relations, and intentional interference with prospective economic advantage.[14]

Harrison's causes of action against Defendants stemmed out of a series of alleged conflicts between himself and Defendants over their adjoining properties. These included allegations that:

---

[11] *Id*. at 21.

[12] *Id*. at 22.

[13] Verified Complaint ("State Court Complaint"), docket no. 2-2, filed May 22, 2020, at 59.

[14] Complaint at ¶ 10.

- Brad Hafen intentionally trespassed onto Harrison's land to build ditches and tear down a fence in late 2012 or early 2013.[15]

- Brad and Roy Hafen made malicious representations to third parties that Harrison was a rich lawyer from Las Vegas who intended to buy and re-sell Forest Service lands and cut off public access to Dixie National Forest.[16] These representations were made to hamper Harrison's ability to buy land.[17]

- Roy Hafen or Roy and Cindy Hafen as trustees of the "C.A.R. Trust" trespassed onto his land by building a dam and placing concrete on land they knew Harrison would soon acquire.[18] Roy Hafen or Roy and Cindy Hafen as trustees of the "C.A.R. Trust" also intentionally stole and converted topsoil and constructed a second reservoir that infringed on Harrison's property.[19]

### The Declaratory Judgment Action

In May 2020, Owners filed the complaint in this action, seeking a declaratory judgment that it had no duty to defend or indemnify Defendants in the state action.[20] Owners alleges that the homeowner's insurance policies did not cover claims for willful property damage, intentional or negligent misrepresentation, intentional property infringement and damage, and converted property.[21] It also alleges that the policies did not cover acts prior to either September 2012

---

[15] *Id*. at ¶ 12; State Court Complaint at ¶ 71.

[16] Complaint at ¶ 13; State Court Complaint at ¶ 185.

[17] Complaint at ¶ 13; State Court Complaint at ¶ 195.

[18] Complaint at ¶ 11; State Court Complaint at ¶ 36.

[19] Complaint at ¶ 11; State Court Complaint at ¶ 46, 58.

[20] Complaint at 11.

[21] Complaint at ¶ 23-31.

(Brad Hafen) or April 2013 (Cindy and Roy Hafen).[22] Accordingly, Owners contends that none of the claims asserted by Harrison were covered by the policy.

In August 2020, Defendants filed this Motion, arguing that Owners had a duty to defend the underlying state action and the complaint therefore should be dismissed with prejudice.[23]

## DISCUSSION

To survive a motion to dismiss, a complaint must state a claim for relief that is plausible on its face.[24] A claim is facially plausible if, taking all well-pled facts as true, a court can draw the inference that the plaintiff is liable for misconduct alleged.[25] Dismissal is appropriate if a complaint is legally insufficient to state a claim.[26]

To negate a duty to defend, an insurer has the burden to "demonstrate that none of the allegations of the underlying claim [are] potentially covered[.]"[27] A duty to defend is "broad," arising "if there is potential, not actual, liability."[28] "Where factual questions render coverage uncertain . . . the insurer must defend until those uncertainties can be resolved against coverage. 'When in doubt, defend.'"[29] Thus, dismissal is appropriate if, based on the allegations in the complaint, Owners could plausibly show that there is a possibility Harrison's claims would be covered. It cannot.

---

[22] Complaint at ¶ 20-21.

[23] Motion to Dismiss Complaint, docket no. 6, filed August 6, 2020.

[24] *Leiser v. Moore*, 903 F.3d 1137, 1139 (10th Cir. 2018).

[25] *Kenney v. Helix TCS, Inc*., 939 F.3d 1106, 1109 (10th Cir. 2019), *cert. denied,* 141 S. Ct. 241 (2020).

[26] *Brokers' Choice of Am., Inc. v. NBC Universal, Inc*., 861 F.3d 1081, 1104-05 (10th Cir. 2017).

[27] *Headwaters Res., Inc. v. Illinois Union Ins. Co.*, 770 F.3d 885, 891 (10th Cir. 2014).

[28] *Cincinnati Ins. Co. v. AMSCO Windows*, 921 F. Supp. 2d 1226, 1236 (D. Utah 2013), *supplemented*, No. 2:10-CV-00542-BSJ, 2013 WL 12141330 (D. Utah Sept. 23, 2013), and *aff'd*, 593 F. App'x 802 (10th Cir. 2014).

[29] *Benjamin v. Amica Mut. Ins. Co*., 140 P.3d 1210, 1215 (2006) (quoting *Appleman on Insurance Law and Practice* § 136.2[C] (2d ed.2006)).

## The Eight Corners Rule Applies.

Owners's duty to defend under a contract that was negotiated, obtained, and intended to be performed in Utah[30] is governed by Utah law.[31] When analyzing a duty to defend, Utah courts typically apply the "eight corners" rule and consider only the policy and the complaint as to which defense is sought.[32] In most circumstances, a court reviewing whether an insurer has a duty to defend can only consider the text of these two documents in its analysis. If, however, the duty to defend "is triggered by the actual facts underlying the complaint," such that the duty is dependent on the veracity of some objective fact in the complaint, courts can consider evidence beyond the policy and underlying complaint.[33] For example, Utah courts have found the eight-corners rule does not apply when the duty to defend clause was reliant on the identity of a party bringing a claim (as opposed to an imposter)[34] or when the policy states the duty depends on the "claim or suit" being *actually covered* by the policy.[35]

In the policies issued to Defendants, the duty-to-defend clause is triggered by "any claim or suit for damages covered by this policy."[36] The policy defines suit as "a civil court proceeding in which damages because of bodily injury, property damage, or personal injury to which this insurance applies are alleged." The Tenth Circuit, applying Utah law, has held that similar language in a policy did not depend on any proof of an objective fact, and that the eight-corners

---

[30] Complaint at ¶ 6.

[31] *See Overthrust Constructors, Inc. v. Home Ins. Co.*, 676 F. Supp. 1086, 1088 (D. Utah 1987).

[32] *Church Mut. Ins. Co. v. Ma'Afu*, 657 F. App'x 747, 754 (10th Cir. 2016) (citing *Equine Assisted Growth & Learning Ass'n v. Carolina Cas. Ins. Co.*, 266 P.3d 733, 737 (Utah 2011).

[33] *Equine Assisted Growth & Learning Ass'n v. Carolina Cas. Ins. Co.*, 216 P.3d 971, 972 (Utah App. 2009), *aff'd*, 266 P.3d 733 (Utah 2011).

[34] *Equine*, 266 P.3d at 738.

[35] *Fire Ins. Exch. v. Est. of Therkelsen*, 27 P.3d 555, 561 (Utah 2001).

[36] Homeowner's Insurance Policy at 38.

rule therefore applied. In *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, the relevant duty to defend clause required the insurer to defend against "any suit seeking those damages [to which this insurance applies]."[37] In determining that the eight-corners rule applied, the *Bartile* court noted that the term "suit" in the policy referred to any proceeding in which a party *alleged* the existence of damages within the coverage of the policy. It then concluded that the duty to defend at issue depended on the insured's allegation of liability; not whether liability actually existed.[38] Similar policy language to that in *Bartile* has been held by District Judge Ted Stewart to trigger the eight corners rule.[39]

Here, the phrase "suit for damages covered by this policy" makes it clear that any allegations of damages which would be covered by the policies trigger Owners's duty to defend. The duty in this policy does not turn on whether the claim is actually covered.[40] Rather, as was the case in *Bartile*, Owners's duty to defend is predicated on whether the complaint alleges liability which the policy would cover. Accordingly, the eight-corners rule applies in determining Owners's duty to defend.

### The Policies Requires Owners to Defend Claims for Trespass

Because the eight-corners rule applies, Owners's duty to defend is triggered if Defendants can "establish that the specific allegations pleaded in the [underlying] Complaint assert a liability covered by the terms of [Owners's insurance] policy."[41] Because the allegations

---

[37] *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1172 (10th Cir. 2010).

[38] *Id.*

[39] *See Travelers Prop. Cas. Co. of Am. v. Fed. Recovery Servs., Inc.*, 156 F. Supp. 3d 1330, 1336 (D. Utah 2016).

[40] *See Therkelsen*, 27 P.3d at 561.

[41] *Hartford Cas. Ins. v. Softwaremedia.com*, No. 2:10-CV-01098 BSJ, 2012 WL 965089, at *7 (D. Utah Mar. 20, 2012).

of trespass in the complaint assert a liability covered by the "personal injury" section of the policy, Owners's duty to defend is triggered.

Among the liabilities the personal injury section of the policy identifies as covered by the policy is "wrongful entry."[42] Utah law defines a trespass as "a wrongful entry . . . upon the lands of another,"[43] or as an "entry upon the soil of another, in the absence of lawful authority, without the owner's license[.]"[44]

The policy provides coverage for allegations of personal injury arising out of "incidents" caused by Defendants.[45] Comparatively, the policy provides coverage for bodily injury and property damage arising out of "occurrences."[46] Incidents, unlike occurrences, are not limited to unintentional conduct.[47]

Many of the claims in the state court complaint arise out of a trespass. For example, Harrison alleges that Roy Hafen and Brad Hafen trespassed on his property to dig ditches on it "sometime during the fall of 2012[48] or the spring of 2013."[49] Harrison alleges that in committing this trespass, Roy and Brad Hafen wrongfully entered his property without permission.

---

[42] Homeowners Insurance Policy at 21.

[43] *Walker Drug Co. v. La Sal Oil Co.*, 972 P.2d 1238, 1243 (Utah 1998) (quoting *O'Neill v. San Pedro, L.A. & S.L.R. Co.*, 114 P. 127, 128 (Utah 1911)).

[44] *Purkey v. Roberts*, 285 P.3d 1242, 1247 (Utah App. 1998) (quoting *O'Neill*, 114 P. at 128).

[45] Homeowner's Insurance Policy at 20.

[46] *Id*. at 21.

[47] *Id*. at 20.

[48] This time frame would almost certainly be within the period of September 2012 – September 2013, during which Brad Hafen was covered by the policy. At the least, the lack of specificity in the complaint cannot show there was no possibility Harrison's claims against Brad Hafen were covered by the policy, even making all inferences in favor of Owners.

[49] State Court Complaint at ¶ 71.

A trespass, at least in the manner alleged in the complaint, necessarily involves a wrongful entry. Therefore, in asserting Defendants had trespassed on his land to dig a ditch, Harrison was also asserting Defendants had committed a wrongful entry.

The Tenth Circuit, analyzing a duty to defend under New Mexico law, came to a similar conclusion in *Valley Imp. Ass'n, Inc. v. U.S. Fid. & Guar. Corp.*[50] In that case, the court held that a policy which covered "wrongful entry or eviction" triggered a duty to defend when the underlying complaint alleged that the defendant had committed a trespass by allowing cows to enter and graze upon the complainant's land without permission.[51] Similarly, the trespass claim here arises out of a wrongful entry onto the complainant's land.

The timeframe the state complaint alleges Brad Hafen trespassed to build ditches and tear down a fence is late 2012 or early 2013.[52] The Roy Hafen Trust trespass by constructing a second reservoir is alleged to have occurred before June 2013.[53] The policy for Brad Hafen was effective from September 1, 2012, to September 1, 2013; and the policy for Cindy and Roy Hafen was effective from April 21, 2013, to April 21, 2014.

Because

- Harrison's trespass claims arise out of an alleged wrongful entry;
- Owners's policy requires it to defend suits for liabilities which allege a wrongful entry; and.
- Two of the alleged trespasses fall within the policy period,

the trespass claims trigger Owners's duty to defend.

---

[50] *Valley Imp. Ass'n, Inc. v. U.S. Fid. & Guar. Corp.*, 129 F.3d 1108, 1117 (10th Cir. 1997).

[51] *Id*.

[52] Complaint at ¶ 12; State Court Complaint at ¶ 71.

[53] State Court Complaint at ¶¶ 58-59.

10

Even taking all well-pled facts as true, the complaint does not support a plausible finding that there was no "potential for coverage."[54]

**Because Owners Must Defend One Claim, Owners Must Defend the Entire State Action**

Utah law mandates that if there are covered and non-covered claims in one lawsuit, an insurer must defend the entire lawsuit.[55] Accordingly, Owners fails to state a claim for a declaratory judgment that it has no duty to defend the state court action. Because the facts pled cannot result in any plausible relief, and there is no indication that Owners can remedy this deficiency, the claim requesting a declaratory judgment that Owners has no duty to defend will be dismissed with prejudice.[56]

**The Claim for a Declaratory Judgment on the Indemnification Issue is not Ripe.**

"Typically, an insured's legal liability for damages arises when judgment is entered against him."[57] The duty to defend is often broader than the duty to indemnify—while the duty to defend may turn on allegations, the duty to indemnify relates "to liability *actually imposed* on the insured for claims falling within the scope of coverage."[58] "For that reason, cases seeking declaratory relief often adjudicate first the duty to defend and defer consideration of the duty to indemnify . . . [because 't]he duty to indemnify must await resolution of the underlying suits."[59]

Both parties agree that if the duty to defend in this case is broader than the duty to indemnify, the indemnification issue is not yet ripe.[60] Here, the duty to defend is broader than the

---

[54] *Ma'Afu*, 657 F. Appx. at 761.

[55] *Benjamin,* 140 P.3d at 1216.

[56] *See Good v. Khosrowshahi*, 296 F. App'x 676, 681 (10th Cir. 2008) (unpublished).

[57] *Benjamin*, 140 P.3d at 1216.

[58] *Aspen Specialty Ins. Co. v. Utah Loc. Governments Tr.*, 954 F. Supp. 2d 1311, 1315-16 (D. Utah 2013).

[59] *Id*. at 1316 (quoting *United Nat'l Ins. Co. v. Dunbar & Sullivan Dredging Co.*, 953 F.2d 334, 338 (7th Cir.1992)).

[60] Motion at 21, Amended Opposition at 15.

duty to indemnify. The questions surrounding the duty to indemnify will not be appropriate for judicial resolution until the underlying claims in the state lawsuit have been resolved, and it is clear what liability is actually imposed on the insured under which of the many claims asserted. Accordingly, the claim for declaratory judgment on the issue of indemnity is not ripe. And because we do not know if Defendants will suffer any judgment in the state action, the need for declaratory judgment on the issue of indemnity is contingent on an unknown future event. The claim will be dismissed without prejudice.

## ORDER

IT IS HEREBY ORDERED that Defendants' Motion[61] is GRANTED. Owners's claim for declaratory judgment on the issue of the duty to defend is dismissed with prejudice. Owners's claim for declaratory judgment on the issue of the duty to indemnify is dismissed without prejudice.

The clerk is directed to close the case.

Dated September 9, 2021.

BY THE COURT:

David Nuffer
United States District Judge

---

[61] Docket no. 6.